IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| TERESA DARBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| PNC MORTGAGE, NATIONAL ASSOCIATION | ) |
| | ) |
| Defendant. | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant PNC Mortgage, National Association ("PNC"), hereby provides notice pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland. As grounds for removal, PNC states as follows:

## BACKGROUND

1. On or about December 14, 2015, Plaintiff Teresa Darby ("Plaintiff") filed a Complaint ("Complaint") against PNC in the Circuit Court of Maryland for Montgomery County (the "State Court Action"). A copy of the Complaint in the State Court Action is attached hereto as **Exhibit 1**. The State Court Action was assigned case number 413053-V.

2. In her Complaint, Plaintiff contends that PNC is in violation of: (i) 12 C.F.R. § 1024.41 the Real Estate Settlement Procedures Act (Count I); (ii) 12 U.S.C. § 5564(a)-(b); 15 U.S.C. § 16921(b)(6); and 12 U.S.C. §5481(12)(H), (14) the Consumer Financial Protection Act (Count II) and (iii) the Maryland Consumer Protection Act (Count III). *See* Exhibit 1.

3. PNC was served with the Complaint on December 24, 2015.

## DIVERSITY

4. This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5. This case satisfies the amount in controversy requirement for purposes of diversity jurisdiction because Plaintiff seeks a judgment in excess of $75,000.00 against PNC. *See* Complaint ¶¶80, 86 and 99.

6. Plaintiff is a citizen of the state of Maryland for purposes of diversity jurisdiction. *See* Complaint at ¶ 52.

7. PNC is an unincorporated division of PNC Bank, N.A. PNC Bank, N.A. is a federally chartered national bank with its main office in Delaware. Thus, it is a citizen of Delaware for purposes of determining the existence of diversity of citizenship under 28 U.S.C. § 1332. *Wachovia v. Schmidt*, 546 U.S. 303 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

8. Thus, there is complete diversity between the parties.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 100(2) and 1441(a) because the United States District Court for the District of Maryland, Greenbelt Division is the federal judicial district and division embracing the state court in which this action was originally filed.

## FEDERAL QUESTION

10. This action is also removable pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks relief pursuant to the Real Estate Settlement Procedures Act (12

C.F.R. § 1024.41) and the Consumer Financial Protection Act (12 U.S.C. § 5564(a)-(b); 15 U.S.C. § 16921(b)(6); and 12 U.S.C. §5481(12)(H), (14)).

## **PROCEDURAL COMPLIANCE**

11. Removal of this action is timely. 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (deadline to remove runs from the date on which the defendant is first served with a copy of the summons and complaint). In this case, PNC was served with the Complaint on December 24, 2015. This Notice of Removal is being filed with the Court on January 21, 2016, *i.e.*, within 30 days after PNC was served with the Complaint.

12. Attached to this Notice of Removal as Exhibit 1 is a copy of Plaintiff's Complaint, along with the Writ of Summons issued to PNC, Notice of Scheduling Hearing and Order of Court. The Complaint, Writ of Summons, Notice of Scheduling Hearing and Order of Court are the only "process, pleadings or orders" received by PNC in this action to date. *See* 28 U.S.C. § 1446(a).

13. PNC is serving upon Plaintiff contemporaneously with this filing a copy of this Notice of Removal.

14. No other defendants have been named in this action.

15. PNC will also file with the Clerk for the Circuit Court for Montgomery County a Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d).

16. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332(a). Accordingly, this action is properly removed to this Court.

17. In removing this action to federal court, PNC expressly reserves, and does not waive, any and all rights and defenses that it has or may have.

WHEREFORE, Defendant PNC hereby gives notice that the state court action is removed to this Court.

January 21, 2016

Respectfully submitted,

*/s/ Jessica Hepburn Sadler*

Daniel J. Tobin (Bar No. 10338)
Jessica Hepburn Sadler (Bar No. 17722)
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Telephone: (202) 661-7659
Facsimile: (202) 661-2299
E-mail: tobindj@ballardspahr.com
    sadlerjh@ballardspahr.com

Matthew G. Summers (Bar No. 26572)
Ballard Spahr LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 528-5679
Facsimile: (410) 361-8930
E-mail: summersm@ballardspahr.com

*Attorneys for Defendant PNC Mortgage, National Association*

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of January, 2016, I caused a true and correct copy of the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following:

> Gerard P. Uehlinger
> Law Office of Gerard P. Uehlinger, P.C.
> 28 West Allegheny Avenue
> Towson, Maryland 21204-3919

_____
Jessica Hepburn Sadler