IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| TERESA DARBY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PNC BANK, N.A. )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 8:16-cv-00210-DKC |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER AND AFFIRMATIVE DEFENSES OF PNC BANK, N.A. TO COMPLAINT**

Defendant PNC Bank, N.A. ("PNC") erroneously sued as PNC Mortgage, National Association, by its undersigned attorneys, hereby answers the allegations contained in the Complaint (the "Complaint") filed by Plaintiff Teresa Darby ("Plaintiff") as follows:

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions that PNC is not required to admit or deny. To the extent that paragraph 1 of the Complaint contains allegations of fact, PNC denies all such factual allegations contained in paragraph 1 of the Complaint.

2. The allegations contained in paragraph 2 of the Complaint are general statements regarding the mortgage servicing business and therefore do not require a further response. To the extent a further response is deemed to be required, such allegations are denied.

3. PNC denies the allegations contained in paragraph 3 of the Complaint as they pertain to PNC.

4. PNC denies the allegations contained in paragraph 4 of the Complaint as they pertain to PNC.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions that PNC is not required to admit or deny. To the extent that paragraph 5 of the Complaint contains allegations of fact, PNC denies all such factual allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions that PNC is not required to admit or deny. To the extent that paragraph 6 of the Complaint contains allegations of fact, PNC denies all such factual allegations contained in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Complaint are legal conclusions that PNC is not required to admit or deny. To the extent that paragraph 7 of the Complaint contains allegations of fact, PNC denies all such factual allegations contained in paragraph 7 of the Complaint.

8. In response to the allegations contained in paragraph 8 of the Complaint, PNC admits that it is a national bank and that one of its business operations is mortgage loan servicing. PNC denies the remainder of the allegations contained in paragraph 8 of the Complaint.

**Regulatory Background**

9. The allegations contained in paragraph 9 of the Complaint are general statements regarding the mortgage servicing business and therefore do not require a further response. To the extent a further response is deemed to be required, such allegations are denied.

10. The allegations contained in paragraph 10 of the Complaint are general statements regarding the mortgage servicing business and therefore do not require a further response. To the extent a further response is deemed to be required, such allegations are denied.

11. The allegations contained in paragraph 11 of the Complaint are general statements regarding the mortgage servicing business and therefore do not require a further response. To the extent a further response is deemed to be required, such allegations are denied.

12. The allegations contained in paragraph 12 of the Complaint are general statements regarding the mortgage servicing business and therefore do not require a further response. To the extent a further response is deemed to be required, such allegations are denied.

13. The allegations contained in paragraph 13 of the Complaint are general statements regarding the mortgage servicing business and therefore do not require a further response. To the extent a further response is deemed to be required, such allegations are denied.

14. PNC denies the allegations contained in paragraph 14 of the Complaint.

15. PNC denies the allegations contained in paragraph 15 of the Complaint.

16. PNC denies the allegations contained in paragraph 16 of the Complaint.

17. PNC denies the allegations contained in paragraph 17 of the Complaint.

18. PNC denies the allegations contained paragraph 18 of the Complaint.

19. PNC denies the allegations contained paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 20 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 20 of the Complaint.

21. The allegations contained in paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PNC is without knowledge or information sufficient to admit or deny the allegations in paragraph 21 of the Complaint.

22.     PNC denies the allegations contained in paragraph 22 of the Complaint as they pertain to PNC.

### The New RESPA Regulations

23.     The allegations contained in paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 23 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 24 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 25 of the Complaint.

25.     The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 25 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 25 of the Complaint.

26.     The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 26 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 26 of the Complaint.

27.     The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 27 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 27 of the Complaint.

28.     The allegations contained in paragraph 28 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 28 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 29 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 30 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 31 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 32 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 33 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 34 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 35 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 36 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 37 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 37 of the Complaint.

38. The allegations contained in paragraph 38 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 38 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 39 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 39 of the Complaint.

40. The allegations contained in paragraph 40 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 40 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 40 of the Complaint.

41. The allegations contained in paragraph 41 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 41 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint are legal conclusions to which no response is required.  To the extent pagragrph 42 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 43 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 44 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 45 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 45 of the Complaint.

46. The allegations contained in paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent pagragrph 46 contains allegations of fact, PNC denies all such factual allegations contained in paragraph 46 of the Complaint.

**Defendant's Failure to Comply with the Requirements of the New RESPA Regulations**

47. PNC admits that it is a national bank and admits that one of the bank's business operations is mortgage loan servicing, including residential mortgage loan servicer. PNC denies the remaining allegations contained in paragraph 47 of the Complaint.

48. In response to the allegations contained in paragraph 48 of the Complaint, PNC admits that it services mortgage loans for properties located throughout the United States and that it has all licenses necessary to operate its businesses. PNC denies all other allegations contained in paragraph 48 of the Complaint.

49. In response to the allegations contained in paragraph 49 of the Complaint, PNC admits that it derives certain fees and revenue from its mortgage servicing business. PNC denies all other allegations contained in paragraph 49 of the Complaint.

50. In response to paragraph 50, PNC admits that it offers loss mitigation options, including loan modifications, to qualified borrowers, and that use of loss mitigation options sometimes increases borrower repayment performance and preserves homeownership.

51. The allegations contained in paragraph 51 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PNC denies the allegations contained in paragraph 51 of the Complaint.

**LOSS MITIGATION EFFORTS PURSUANT TO THE JANUARY 2014, CFPB RULES**

52. PNC admits the allegations contained in paragraph 52 of the Complaint.

53. PNC admits that Plaintiff and her non-party current or former husband, James M. Darby, received a mortgage loan from National City Mortgage Co. on or about April 5, 2004. PNC denies that the loan was made solely to Plaintiff.

54. PNC denies the allegations contained in paragraph 54 of the Complaint.

55. PNC denies the allegations contained in paragraph 55 of the Complaint.

56. PNC denies the allegations contained in paragraph 56 of the Complaint.

57. PNC admits that the Plaintiff submitted documentation related to loss mitigation to PNC's counsel on or about October 17, 2014, through her attorney, which documentation the Plaintiff had agreed in connection with foreclosure mediation to provide by July 31, 2014 (and failed to do so, without explanation). PNC denies that the package was complete and denies that it included any information concerning her non-party current of former husband, James M. Darby. PNC denies all remaining allegations contained in paragraph 57 of the Complaint.

58. PNC admits that on or about October 24, 2014, its counsel sent a letter to Plaintiff and her non-party current or former husband informing them that, among other things,

information was required from James M. Darby in order for the loss mitigation application to be considered. PNC denies all other allegations contained in paragraph 58 of the Complaint.

59. PNC denies the allegations contained in paragraph 59 of the Complaint.

60. PNC denies the allegations contained in paragraph 60 of the Complaint.

61. PNC denies the allegations contained in paragraph 61 of the Complaint.

62. PNC admits that the Plaintiff submitted a loan modification application to PNC on or about August 18, 2015. PNC denies all other allegations contained in paragraph 62 of the Complaint.

63. PNC admits that it denied Plaintiff's request for a loan modification on or about August 18, 2015. PNC denies all other factual allegations contained in paragraph 63 of the Complaint.

64. PNC admits that the Plaintiff appealed PNC's denial of her request for a loan modification. PNC denies all other factual allegations contained in paragraph 64 of the Complaint.

65. PNC denies the allegations contained in paragraph 65 of the Complaint.

66. PNC denies the allegations contained in paragraph 66 of the Complaint.

67. PNC denies the allegations contained in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PNC denies the allegations contained in paragraph 68 of the Complaint.

## COUNT ONE
### (Violation of 12 C.F.R. §1024.41)

69. PNC incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 68 of the Complaint.

70. The allegations contained in paragraph 70 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 70 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

71. The allegations contained in paragraph 71 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 71 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

72. The allegations contained in paragraph 72 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 72 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

73. PNC denies the allegations contained in paragraph 73 of the Complaint.

74. PNC denies the allegations contained in paragraph 74 of the Complaint.

75. PNC denies the allegations contained in paragraph 75 of the Complaint.

76. PNC denies the allegations contained in paragraph 76 of the Complaint.

77. PNC denies the allegations contained in paragraph 77 of the Complaint.

78. PNC denies the allegations contained in paragraph 78 of the Complaint.

79. PNC denies the allegations contained in paragraph 79 of the Complaint.

80. PNC denies the allegations contained in paragraph 80 of the Complaint.

**COUNT II**
**(Violation of 12 U.S.C. § 5564(a)-(b); 15 U.S.C. § 16921(b)(6); and 12 U.S.C. § 5481(12)(H), (14) the Consumer Financial Protection Act ("CFPA")**

81. PNC incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 80 of the Complaint.

82. PNC denies the allegations contained in paragraph 82 of the Complaint.

83. The allegations contained in paragraph 83 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 83 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

84. The allegations contained in paragraph 84 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 84 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

85. PNC denies the allegations contained in paragraph 85 of the Complaint.

86. PNC denies the allegations contained in paragraph 86 of the Complaint.

## COUNT III
### (Violation of the Maryland Consumer Protection Act, Md. Comm. Law §§ 13-101 *et seq*.)

87. PNC incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 86 of the Complaint.

88. The allegations contained in paragraph 88 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 88 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

89. The allegations contained in paragraph 89 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 89 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

90. The allegations contained in paragraph 90 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 90 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

91. The allegations contained in paragraph 91 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 91 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

92. The allegations contained in paragraph 92 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 92 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

93. The allegations contained in paragraph 93 of the Complaint are legal conclusions to which no response is required. To the extent paragraph 93 of the Complaint contains any allegations of fact to which a response is required, PNC denies the same.

94. PNC denies the allegations contained in paragraph 94 of the Complaint as stated.

95. PNC denies the allegations contained in paragraph 95 of the Complaint.

96. PNC denies the allegations contained in paragraph 96 of the Complaint.

97. PNC denies the allegations contained in paragraph 97 of the Complaint.

98. PNC denies the allegations contained in paragraph 98 of the Complaint.

99. PNC denies the allegations contained in paragraph 99 of the Complaint.

PNC denies that Plaintiff is entitled to any relief, including the relief asserted in the "WHEREFORE" clause of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because PNC at all times complied with its obligations under federal and state law with respect to the relationship between the parties.

### Third Affirmative Defense

Plaintiff's claims are barred the doctrines of res judicata and collateral estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred by accord and satisfaction.

### Fifth Affirmative Defense

Plaintiff's claims are barred by waiver and estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are barred because she has not suffered any damages or, alternatively, has failed to mitigate damages.

### Seventh Affirmative Defense

Plaintiff's claims are barred because she has not suffered any damage caused by any act or omission of PNC.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

### Ninth Affirmative Defense

Plaintiff's claims should be denied because she has failed to join an indispensable party.

### Tenth Affirmative Defense

PNC reserves the right to timely assert any additional defenses that may become appropriate as this action progresses.

WHEREFORE, having fully answered the Complaint, Defendant PNC Bank, N.A. respectfully requests this Court deny the relief requested in the Complaint, enter judgment in favor of it and against the Plaintiff, and grant it such other and further relief as is just and proper in this case.

Respectfully submitted,

Dated:  February 11, 2016 /s/ Daniel J. Tobin
Daniel J. Tobin (Bar No. 10338)
Jessica Hepburn Sadler (Bar No. 17722)
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Telephone:  (202) 661-7659
Facsimile:  (202) 661-2299
E-mail: tobindj@ballardspahr.com
           sadlerjh@ballardspahr.com

Matthew G. Summers (Bar No. 26572)
Ballard Spahr LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202
Telephone:  (410) 528-5679
Facsimile:  (410) 361-8930
E-mail:  summersm@ballardspahr.com

*Attorneys for Defendant PNC Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of February, 2016, a copy of the foregoing Answer of PNC Bank, N.A. was served via this Court's ECF system upon:

> Gerard P. Uehlinger, Esquire
> Law Office of Gerard P. Uehlinger, P.C.
> 28 West Allegheny Avenue
> Towson, Maryland 21204-3919

/s/ Daniel J. Tobin
Daniel J. Tobin

DMEAST #24382666 v2